958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Shnawn Renee CHESTER, Appellant.
 No. 91-3059.
 United States Court of Appeals, District of Columbia Circuit.
 March 27, 1992.
 
 1
 Before BUCKLEY, KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 3
 ORDERED AND ADJUDGED by this court that the judgment of the district court be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 5
 Shnawn Chester and two co-defendants were convicted of six counts of distribution of a mixture containing a detectable amount of cocaine pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (1988). They were also charged with one count of conspiracy to distribute five or more grams of a mixture containing cocaine base, see 21 U.S.C. §§ 846, 841(b)(1)(B)(iii), and one count of possession of five or more grams with intent to distribute. See id. §§ 841(a)(1) and (b)(1)(B)(iii). The trial judge granted a judgment of acquittal on the last two counts after defendants argued that the tests of the substances seized, which consisted of rocks of crack cocaine, revealed that some of the rocks were almost 40% water. If the water were subtracted, the total weight of the cocaine found in Chester's possession would fall below five grams.
 
 
 6
 After trial and after the original sentence was imposed, the government sought to introduce new evidence regarding the weight of the drugs that explained why water would be found in the crack rocks, and why it should be considered part of the total weight for sentencing purposes. The trial court reconsidered the original sentence (which was based on the weight of the cocaine without the water) and, without relying on the new evidence, found that defendants were in possession of five or more grams of cocaine. As a result of this finding, the court raised Chester's sentencing guideline offense level to 26 (a 63-78 month range) from 24 (a 51-63 month range). Chester received a sentence of 63 months imprisonment.
 
 
 7
 Chester challenges the propriety of the district court's post-trial finding that Chester possessed five or more grams of cocaine and seeks a remand to the trial court for resentencing. She argues that the judgment of acquittal decided the question of the weight of drugs seized, and therefore the trial judge was barred from examining the question anew at sentencing. She also argues that insufficient evidence supported the finding that the drugs weighed more than five grams.
 
 
 8
 Both contentions are unavailing. We have found that "the quantity of drug possessed is not a constituent element of the offense of possession with intent to distribute under 21 U.S.C. § 841(a). Quantity is relevant only to punishment; the district judge, and not the jury, makes this determination." United States v. Patrick, No. 90-3178, slip op. at 6 n. 5 (D.C.Cir. Mar. 17, 1992) (citing cases). Therefore, the judge could properly reconsider whether Chester possessed five or more grams of cocaine for the purposes of sentencing.
 
 
 9
 We further find that his determination that the weight of the drugs exceeded five grams was correct. Section 841(b) establishes a minimum prison term of five years for a person convicted of distributing "5 grams or more of a mixture or substance ... which contains cocaine base." 21 U.S.C. § 841(b)(1)(B)(iii). This court and the Supreme Court have largely resolved the question of what may be considered part of a "mixture" under section 841. In Chapman v. United States, 111 S.Ct. 1919, 1925 (1991), the Court held that the weight of the blotter paper on which the LSD is imbedded is to be included in determining weight for sentencing purposes. The Court applied the ordinary meaning of the word mixture: Two substances that are intermingled and yet retain their separate existence. Id. at 1926. In United States v. Shabazz, 933 F.2d 1029 (D.C.Cir.), cert. denied sub nom. McNeil v. United States, 112 S.Ct. 431 (1991), we held that the entire weight of pills that include a controlled substance should count as part of the weight of a mixture for sentencing under section 841.
 
 
 10
 We perceive no difference between these cases and Chester's. The water contained in the rocks seized from her was intermingled with the crack cocaine, and was therefore part of the "mixture" within the meaning of section 841(b). Therefore, Chester's sentence is
 
 
 11
 Affirmed.